# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

BILLY J. BLOOM, BEATRICE BLOOM, )
Individually and as Parent and Next Friend )
of Minor Children, B.B., Ha.B, and He.B )
                                                    )
             Plaintiff, )
                                                    ) Case No. 12-CV-169-JED-FHM
v. )
                                                    )
STEVE TOLIVER, JOHN DAVIS, )
KELLY BIRCH, ADAM MARSHALL, )
CHAD POMPA, JEREMIAH HAMMETT, )
and SHAWN SEXTON, )
                                                    )
             Defendants. )

## OPINION AND ORDER

Before the Court are the motions (Doc. 199, 202) filed by defendants Toliver, Birch, Marshall, Pompa, and Hammett (the "Moving Defendants") to dismiss the plaintiffs' loss of consortium claims, which were first asserted in the plaintiffs' Amended Complaint filed April 8, 2014 (Doc. 197, ¶¶ 103-114). The Court previously authorized the filing of the Amended Complaint to add the consortium claims, based upon the parties' conduct in discovery, in which the plaintiff and defendants had at times acted as though the consortium claims were at issue in the case. (*See* Doc. 195). The plaintiffs thus amended the complaint to add spousal and parental consortium claims. (Doc. 197 at ¶¶ 103-114). The Moving Defendants argue that the state tort law consortium claims must be dismissed under the Oklahoma Governmental Tort Claims Act (OGTCA).

Plaintiffs allege state law loss of consortium claims that are premised upon the injuries suffered by plaintiff Billy Bloom. Billy Bloom's claims against the Moving Defendants are based upon 42 U.S.C. § 1983. The Court has granted summary judgment to defendants Toliver,

Birch, and Marshall on those § 1983 claims. (Doc. 231). As a result, there is no basis upon which any derivative loss of consortium claims may be maintained against Toliver, Birch, and Marshall, and their dismissal motions will be granted.

Moreover, the OGTCA precludes tort actions against "an employee of the state or political subdivision acting within the scope of his employment." *Okla. Stat.* tit. 51, § 163(C); *see also id.*, §§ 152.1(A), (B), 153(A) (political subdivisions and their employees acting in scope of employment are immune from tort liability, except that the state waives the immunity as to the political subdivisions [not the employees]). Thus, individual government employees are immunized from tort liability for actions taken while acting within the scope of employment. *See id.* § 163(C); *Speight v. Presley*, 203 P.3d 173, 179 (Okla. 2008); *Martin v. Johnson*, 975 P.2d 889, 895 (Okla. 1998); *Nelson v. Pollay*, 916 P.2d 1369, 1373 (Okla. 1996). Plaintiffs allege that "Birch, Pompa, Marshall, and Hammett were all acting ... within their scope of employment with the Creek County Sheriff's Office." (Doc. 197 at ¶ 13). As to Toliver, plaintiffs alleged that he was acting in the capacity of the duly elected sheriff of Creek County, although they do not specifically assert that he was acting within the scope of his employment. (*Id.* at ¶ 12).[1] Those allegations are incorporated in the loss of consortium claims. (*Id.* at ¶¶ 103, 108). The loss of consortium claims must be dismissed as to the Moving Defendants under *Okla. Stat.* tit. 51, § 163(C), because plaintiff has not alleged that the Moving Defendants were acting outside the scope of their employment.

In their response brief, plaintiffs argue that, notwithstanding the express provisions of the OGTCA, the Oklahoma Supreme Court's decision in *Bosh v. Cherokee Cty. Gov. Bldg. Auth.*, 305 P.3d 994 (Okla. 2013) authorizes the loss of consortium claims. In *Bosh*, 305 P.3d at 996,

---

[1] In their response briefing, plaintiffs also did not allege that Toliver was acting outside the scope of his employment.

the Oklahoma Supreme Court recognized a private cause of action under the Oklahoma Constitution, art. 2, § 30, for excessive force. Plaintiffs have not asserted any claims under the Oklahoma Constitution against the Moving Defendants; all such claims are asserted under the United States Constitution, through § 1983. *Bosh* did not involve loss of consortium claims that were allegedly derivative of federal constitutional rights, and that decision does not provide that consortium claims are exempt from the provisions of the OGTCA. *Bosh* simply does not save the plaintiffs' loss of consortium claims against the Moving Defendants from dismissal under the OGTCA.

The Court has identified another basis for dismissal that was not raised by the Moving Defendants. Courts in this Circuit have held that loss of consortium claims may not be founded upon § 1983 claims asserted by a spouse. For example, in *Winton v. Bd. of Comm'rs of Tulsa Cty., Okla.*, 88 F. Supp. 2d 1247 (N.D. Okla. 2000), a wife asserted a loss of consortium claim under Oklahoma tort law, based upon the violation of her husband's constitutional rights under § 1983. The court determined that such a consortium claim was not permitted, as a matter of law, based upon the violation of another's rights under § 1983:

> Section 1983 does not generally impose liability for the violation of a duty of care arising solely out of tort law. Rather, § 1983 imposes liability only when state actors violate rights protected by the constitution or laws of the United States. It is a "well-settled principle that a section 1983 claim must be based upon the violation of [a] plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.1990). Regardless of what happened to Mr. Winton, to allege a § 1983 claim, Mrs. Winton must demonstrate that she suffered the deprivation of a constitutional right possessed by her individually. Id. See also Trujillo v. Board of County Commissioners of County of Santa Fe, 768 F.2d 1186, 1190 (10th Cir.1985); and Teufel v. United States, No. 92–3260, 1993 WL 345530, at *2 (10th Cir. Aug. 26, 1993). Mrs. Winton has not identified any constitutional right possessed by her individually. Rather, as her brief states she bases her § 1983 claim on the violation of her husband's constitutional rights, and not on the violation of her own constitutional rights.

3

*Id.* at 1254. The court thus dismissed the spousal loss of consortium claim. *Id.* at 1255. Since *Winton*, at least one other district court in this Circuit has likewise dismissed state law consortium claims that are allegedly derivative of a spouse's § 1983 claim. *See Long v. HCA Health Servs., Inc.*, No. CIV-12-957-HE, 2013 WL 3055357, **5-6 (W.D. Okla. June 17, 2013) (citing *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) and *Winton*, 88 F. Supp. 2d at 1254-56).

There being several, independent bases for dismissal of the plaintiffs' consortium claims against the Moving Defendants, the motions (Doc. 199, 202) are hereby **granted**, and those claims are hereby **dismissed**.

SO ORDERED this 22nd day of September, 2015.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE